UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
UNITED STATES OF AMERICA,

    -against-

RAFAEL RODRIGUEZ,
        Defendant.
---------------------------------x

**EVIDENTIARY HEARING REQUIRED**

NOTICE OF MOTION
07 CR 387(CLB)

S I R S :

    PLEASE TAKE NOTICE, that upon the annexed affirmation of Paul P. Rinaldo, Esq., attorney for the defendant herein and all the papers and proceedings heretofore had herein, the undersigned attorney will move this Court on the 26th day of September, 2007, at the United States Courthouse, 300 Quarropas Street, White Plains, New York, for the following relief:

    1.    An order pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure suppressing physical evidence seized by law enforcement authorities intended to be introduced against the defendant on the trial of this Indictment, or, in the alternative, an Order directing that a pre-trial evidentiary hearing be held to determine whether the evidence was recovered in violation of the defendant's rights under the Fourth Amendment to the United States Constitution.

    2.    An order for such other and further relief as the Court deems just and proper.

```
Dated:  August 21, 2007                 Yours, etc.
        Forest Hills, NY
                                        [signature]

To:  Honorable Charles L. Brieant       Paul P. Rinaldo
     United States District Judge       Attorney for Defendant
                                        108-18 Queens Boulevard
     Nola B. Heller, Esq.                Forest Hills, NY 11375
     Assistant U.S. Attorney             718-520-8722
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
UNITED STATES OF AMERICA,

                                        ATTORNEY'S AFFIRMATION IN
            -against-                   SUPPORT OF DEFENDANT'S
                                        MOTION
                                        07 CR 387 (CLB)
RAFAEL RODRIGUEZ,
            Defendant.
-------------------------------x
```

PAUL P. RINALDO, ESQ., makes the following affirmation under the penalties of perjury pursuant to 28 U.S.C. 1746.

I am an attorney duly admitted to practice in the United States District Court for the Southern District of New York. I represent the defendant in the instant criminal proceeding. This affirmation is respectfully submitted in support of the defendant's motion herein.

I am familiar with the facts and circumstances surrounding this prosecution. Portions of this affidavit are made upon information and belief based on conversations with the defendant, conversations with the Assistant United States Attorney in charge of this prosecution, examination of the indictment, a review of Rule 16 discovery, and additional specified sources. An affidavit by the defendant is annexed hereto but it is unsigned. I had planned to visit my client today to obtain his signature on the affidavit, however I learned yesterday, August 20, 2007, that the

defendant was being immediately transferred from the Westchester County Jail to the Passaic County Jail in New Jersey. By 8:00 a.m. this morning, my client had already been transferred. The information in the annexed affidavit was provided to me by the defendant during our last visit.

As soon as I can arrange to visit the defendant in New Jersey, I will obtain a sworn affidavit and file it with the Court prior to the next court date of September 26, 2007.

The defendant is charged in a four count indictment with violating Title 18, United States Code, Sections 1201(a)(1) and 2; and 1951(a) and 2.

## FACTUAL BACKGROUND

The defendant was arrested on January 3, 2007, in the State of New Jersey, County of Passaic. (The Rule 16(a) discovery provided by the government gives the date of arrest as January 4, 2007, and the Passaic County Sheriff's Department booking sheet gives an arrest date of January 5, 2007. These conflicting dates presumably refer to arrest processing and initial appearance dates.) The defendant was a passenger in a vehicle being driven by Jorge Flores, a co-defendant in this case. As Flores was parking the

vehicle in front of his house, members of the Orangetown Police Department, from Rockland County New York, stopped both the defendant and Flores, detained them, and searched the trunk of the vehicle. A search revealed two weapons, ammunition, and other items. (The government intends to introduce these items against the defendant at the trial of the instant matter.) The defendant was detained and subsequently arrested by members of the Passaic County Sheriff's Department. He and Flores were charged with weapons possession and other charges and ultimately indicted by a Passaic County grand jury. That case is presently pending in Passaic County Court.

Upon information and belief, Flores, the driver of the vehicle was not cited for any traffic violations and the police gave no explanation for the stop and search.

The defendant submits that there was no reasonable suspicion or probable cause to stop the vehicle. Therefore, any items seized as a result of the search of the trunk must be suppressed as fruits of an unconstitutional seizure.

## DISCUSSION

It is well settled that in order to stop a car, the police must have either probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct. United States v. Scopo, 19 F. 3d 777 (2d Cir.1994). As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769 (1996). Thus, in this case, if the Orangetown Police did not observe a traffic offense committed by the driver of the vehicle, the stop was not reasonable. Whether or not there existed probable cause based on specific and articulable facts of some other unlawful conduct can only be tested at an evidentiary hearing.

Finally, the defendant's standing to challenge the stop and search of the vehicle has recently been addressed by the United States Supreme Court in Brendlin v. California, 127 S.Ct. 2400 (2007). There, the court held when the police make a traffic stop, a passenger, like the driver, is seized for Fourth Amendment purposes and so may challenge the stop's constitutionality.

## CONCLUSION

The items seized from the trunk of the vehicle are the fruits of an illegal search and must, therefore, be suppressed.

WHEREFORE, your affiant respectfully requests this Court issue an order directing the suppression of evidence or, in the alternative, direct that a hearing be held upon the within motion to suppress and such other and further relief as the Court deems just and proper.

_____
Paul P. Rinaldo

Dated: August 21, 2007
       Forest Hills, NY

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,


      -against-                        AFFIDAVIT
                                       07 CR 387(CLB)

RAFAEL RODRIGUEZ,
            Defendant.
------------------------------x

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF WESTCHESTER)
```

RAFAEL RODRIGUEZ, being duly sworn, deposes and says:

On January 3, 2007, I was a passenger in a vehicle driven by Jorge Flores. As Flores was parking the car in front of his house, which is located in Passaic County, New Jersey, police officers ordered Flores to stop and we were both detained. The police then searched the trunk of the vehicle. We were held there and later arrested by the Passaic County Sheriff's Department. Flores had not committed any traffic violations and no traffic summonses were issued to him. I was not committing nor had I committed any crime.

I respectfully request that the Court grant the relief requested by attorney in the pre-trial motions.

                                    _____
                                    Rafael Rodriguez

Sworn to before me on
this    day of August, 2007