```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,


     -against-                              07 CR 387(CM)

RAFAEL RODRIGUEZ,
            Defendant.
------------------------------x
```

**DEFENDANT RAFAEL RODRIGUEZ'S REPLY BRIEF IN SUPPORT OF HIS
SUPPLEMENTAL MOTION TO SUPPRESS**

```
                              Paul P. Rinaldo
                              Attorney for Defendant
                              Rafael Rodriguez
                              108-18 Queens Boulevard
                              Forest Hills, NY 11375
                              718 520-8722
```

**PRELIMINARY STATEMENT**

The defendant respectfully submits this reply in support of his request for a pretrial hearing for the suppression of a bulletproof vest he was wearing at the time of his arrest. The findings of the Court after the April 2, 2008 pretrial hearing have resolved the issues of the defendant's standing and the probable cause to search the vehicle which was the subject of the prior hearing. However, the Court's findings also make it clear that a hearing is necessary with respect to the stopping of the defendant and seizure of the vest.

**THE APRIL 2, 2008 HEARING**

After the hearing, the Court identified and made findings with respect to two issues, standing and the viability of the search of the vehicle. (Tr. 59, 60). First, the Court found that the defendant had no standing to challenge the search of the vehicle since there was no "traffic stop". Second, the Court found that, "if this had been a stop of the vehicle, it would have been a perfectly legal stop.." (Tr. 59) and again "that if this was a stop, it was a perfectly reasonable and lawful *Terry* stop, there **is absolutely no problem with the search of the vehicle.**" (Tr. 62)(emphasis added).

1

At the end of the hearing, the defendant challenged the seizure of the bulletproof vest he was wearing at the time of his arrest. The Court found that no timely motion had been made addressed to that issue and, therefore, the government had not addressed the issue. The Court stated "..there is absolutely no competent evidence in the record about how Detective Goldrick came to know that Mr. Rodriguez had a bulletproof vest on." (Tr. 62). (The transcript reflects that the Court stated "So we have had a hearing on that issue." I believe that it should read "we have **not** had a hearing on that issue" since that was the case.)

With respect to the testimony at the hearing concerning the issue of the touching of the defendant and the seizure of the vest, Detective Costello stated that the defendant was free to leave. He testified that the driver of the vehicle, whom he had approached, was free to leave (Tr. 47) and with respect to the defendant, who was approached by Detective Goldrick, Detective Costello stated that he believed that he was free to leave as well. (Tr. 46).

After the conclusion of the hearing and argument, the Court granted the defendant permission to file this supplemental motion.

**ARGUMENT**

The government's position that the decision of the Court is dispositive of the issue of the seizure of the defendant and the vest is without merit. The Court made no ruling or findings with respect to the bulletproof vest. The decision addressed the issues of standing and the basis upon which to either stop the vehicle, if there had been a stop, or approach the individuals exiting the car. The Court specifically linked the *Terry* stop to the search of the vehicle, stating "that if this was a stop, it was a perfectly reasonable and lawful *Terry* stop, there is absolutely no problem with the search of the vehicle." (Tr. 62).

On two occasions the Court stated that there was absolutely no competent evidence in the record about how Detective Goldrick came to know that Mr. Rodriguez had a bulletproof vest on. (Tr. 62). Responding to the government's argument about Detective Costello's testimony, the Court stated

> It's not competent evidence to carry your burden, okay. If you had a burden on that issue you failed to meet your burden as far as this trier of fact is concerned. I understand that it's the government's habit to call the "wrong" police officer if it can possibly do so. I'm not sure you could have gotten away with Detective Costello if you had notice that there was any motion to suppress the vest. (Tr. 64).

3

Finally, the Court must consider the testimony of Detective Costello where he states that both individuals who had exited the car were free to leave. This is completely contradictory to any theory of a *Terry* stop. If the defendant was free to leave, then the detectives did not believe they had reasonable suspicion to stop and detain him at the time he was touched and seized by Detective Goldrick. Obviously, if the detectives had reasonable suspicion that criminal activity was afoot, the defendant would not have been free to leave and he could have been detained. At the very least, the credibility of the officers is in question and can only be resolved with a hearing. The Court recognized that the April 2, 2008 hearing produced no competent evidence to resolve the issue of the seizure of the vest. Therefore, an evidentiary hearing is required.

**CONCLUSION**

For the foregoing reasons, the defendant respectfully requests that the Court grant a pretrial hearing to suppress the bulletproof vest.

_____
Paul P. Rinaldo, Esq.

Dated: May 2, 2008
       Forest Hills, NY