GROSSMAN & RINALDO
ATTORNEYS AT LAW

STUART J. GROSSMAN
PAUL P. RINALDO

108-18 QUEENS BOULEVARD
8TH FLOOR, SUITE 5
FOREST HILLS, NEW YORK 11375

(718) 520-8722
FAX (718) 793-0894
E-MAIL: grossmanrinaldo@aol.com

May 2, 2008

BY ECF

Honorable Colleen McMahon
United States District Court Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:   United States v. Plutarco Angulo-Aguirre, et al.
          07 CR 387(CM)

Dear Judge McMahon:

    This letter is submitted on behalf of my client Rafael Rodriguez in response and opposition to the government's letter motion dated April 15, 2008, seeking permission to introduce at trial evidence of other uncharged crimes and prior convictions. For the reasons set forth herein, the motion should be denied.

    The government seeks to introduce against Rodriguez seven uncharged allegations which are detailed at page 4 of the government's motion as items (I) through (o). In addition, the government seeks to introduce a prior conviction of the defendant from February, 1996 which is described on page 6 of government's motion.

    The government argues that the uncharged crimes are admissible as direct proof of the charged crimes, as background evidence and to rebut certain defenses that the defendant may raise at trial. The government has failed to demonstrate a sufficient legal or factual basis for the admission of such evidence. Therefore, the prejudice from its introduction would far outweigh any probative value and would deprive the defendant of a fair trial.

**ARGUMENT**

<u>The Uncharged Allegations are not Admissible as Direct Proof of the Crimes Charged.</u>

The first of the seven uncharged allegations against Rodriguez, Item (I), involves the theft of a truck from a warehouse in Jersey City in October, 2006. There is no further explanation of the alleged conduct charged or its relation to the crimes charged in the indictment. The crime is not described as a "hijacking" and the word "theft" clearly denotes that there was no use of force or display of any weapons.

The same is true for the second, third and fourth allegations, Item (j),(k) and (l), which involve the theft of sneakers, the theft of a truck containing olive oil and the theft of two trucks containing cosmetics. These charges likewise bear little or no resemblance to any of the charged offenses, which involve allegations of truck hijackings, kidnapping of drivers, and the use of weapons. The government's argument that these acts "involved the same methods and are so inextricably intertwined" and "are part and parcel of the robbery and kidnapping conspiracies" is without merit. The crimes are completely different and the government offers not one word of explanation of how the uncharged acts are intertwined or are necessary for background. Clearly, the prejudicial effect of the introduction of these allegations would far outweigh their probative value.

With respect to the last three allegations, Items (m), (n) and (o), the government describes the acts as attempted hijackings, again with no further details as to the conduct involved. The mere use of the words "attempted hijackings" does not establish any basis for the government's conclusion that these acts are intertwined or are necessary for background.

The government has failed to demonstrate the admissibility of any of these uncharged crimes. There is no basis to conclude that the evidence constitutes direct proof or how it is essential to the story of the charged crimes. Therefore, the government's motion should be denied.

<u>The Defendant's Prior Conviction</u>

The government seeks to introduce the defendant's 1996 conviction in New York State for Criminal Possession of a Weapon in the Third Degree. The government alleges that the defendant was charged with various charges including murder. In fact, the

highest charge against the defendant was attempted murder. Nevertheless, the defendant pled guilty to only Criminal Possession of a Weapon in the Third Degree, a class D felony. Third Degree Possession of a Weapon entails simple possession and does not involve intent to use the weapon. The defendant admitted to only the possession of the weapon and all the other charges were dismissed.

The government argues that this prior conviction is admissible to rebut the defendant's expected defense with regard to knowledge, intent, opportunity, or motive to commit the crimes charged. The government gives no basis for this conclusion. Nevertheless, a defendant's assertion that he did not do the crime at all does not place any of those defenses in issue. This case does not involve possessory crimes involving weapons where knowledge or innocent possession might be in issue. Rodriguez will raise no claim of knowledge, accident or mistake with respect to the issues of the use of weapons.

There is no basis to allow the use of the defendant's prior weapon possession in the government's case in chief. The only effect of admitting this prior act would be to show that Rodriguez has a propensity to commit crimes and thereby would deprive him of a fair trial.

## CONCLUSION

For the foregoing reasons, the Court is respectfully asked to preclude the government from introducing the proffered evidence of uncharged allegations and prior conviction against Mr. Rodriguez.

The defendant respectfully joins the arguments of his co-defendants in opposition to the government's motion, to the extent those arguments apply to him.

Respectfully submitted,

Paul P. Rinaldo

cc: Nola B. Heller
    Assistant United States Attorney

    Defense Counsel

3